372    APPELLATE COURTS OF ILLINOIS.

Davenport v. Calumet & South Chicago Ry. Co., 197 Ill. App. 372.

## Clara Davenport, Appellee, v. Calumet & South Chicago Railway Company, Appellant.

### Gen. No. 21,348.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. THEO-DORE BRENTANO, Judge, presiding. Heard in this court at the March term, 1915. Reversed with finding of fact. Opinion filed January 3, 1916. Rehearing denied January 17, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action on the case by Clara Davenport, plaintiff, against the Calumet & South Chicago Railway Company, a corporation, defendant, for damages for personal injuries sustained while attempting to alight from a moving street car. From a verdict for plaintiff for $10,000, defendant appeals.

JOHN E. KEHOE and CHARLES LEROY BROWN, for appellant; JOHN R. GUILLIAMS, of counsel.

PEDEN, KAHN & MURPHY, for appellee; R. C. MERRICK, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. STREET RAILROADS, § 131*—*when negligence must be proved by preponderance of evidence.* The plaintiff, in an action on the case against a street railway company for damages for personal injuries alleged to be due to negligence in starting a car which had stopped, must sustain his case by a preponderance of the evidence.

2. STREET RAILROADS, § 131*—*when negligence in starting car not proved by preponderance of evidence.* The plaintiff, in an action against a street railway company for damages for personal injuries alleged to have been sustained as the result of negligence in start-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ing the car after it had stopped and while plaintiff was trying to get off, fails to sustain his case by a preponderance of evidence where the testimony of plaintiff and another that the car stopped and started with a jerk while plaintiff was attempting to get off was directly contradicted by six witnesses for defendant who testified that plaintiff alighted while the car was in motion.

3. APPEAL AND ERROR, § 49*—*when Appellate Court may make findings of fact.* When the Appellate Court, upon review, determines that the evidence fails to sustain the verdict, it may reverse the judgment with a finding of fact.